**ORIGINAL**

CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

CHEN, J.

GOLD, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

Harry Roland, 18A2811,
Full name of plaintiff/prisoner ID#

CV 19-2240

Plaintiff,

JURY TRIAL DEMAND
YES ✓   NO ____

-against-

City of New York;
John Doe 1; John Doe 2;
Alexander; Josette McClean;
Enter full names of defendants  Eric Gonzalez;
[Make sure those listed above are   John Doe 3;
Identical to those listed in part III.]  Lorna McAllister;

Defendants.
----------------------------------------------------------x

**RECEIVED**
APR 12 2019
PRO SE OFFICE

I.  Previous Lawsuits:

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes( ) No(✗)

B.  If your answer to A is yes, describe each lawsuit in the space below (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

   1.  Parties to this previous lawsuit:
       Plaintiffs _____N/A_____

       Defendants _____N/A_____

   2.  Court (if federal court, name the district; if state court, name the county)

   3.  Docket Number: _____N/A_____

- 1 -

   4. Name of the Judge to whom case was assigned: __N/A__

   5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending? __N/A__

   6. Approximate date of filing lawsuit: __N/A__

   7. Approximate date of disposition: __N/A__

II. Place of Present Confinement: __UPSTATE CORRECTIONAL FACILITY__

   A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

   B. Did you present the facts relating your complaint in the prisoner grievance procedure? Yes ( ) No (X)

   C. If your answer is YES,

      1. What steps did you take? __N/A__

      2. What was the result? __N/A__

   D. If your answer is NO, explain why not __Grievance procedure is not Applicable to Plaintiff Complaints__

   E. If there is no prison grievance in the institution, did you complain to prison authorities? Yes ( ) No (X)

   F. If your answer id YES,

      1. What steps did you take? __N/A__

      2. What was the result? __N/A__

-2-

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff  HARRY ROLAND

Address  Upstate Corr. Fac., P.O. Box 2001, Malone, N.Y. 12953

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the address at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1   City of New York

Defendant No. 2   JOHN DOE 1 (BCB Officer)
                  Brooklyn Central Booking
                  120 Schermehorn, Brooklyn, NY 11201

Defendant No. 3   JOHN DOE 2 (BCB Officer)
                  Brooklyn Central Booking
                  120 Schermehorn, Brooklyn, NY 11201

Defendant No. 4   JOHN DOE 3 (BCB Supervisor)
                  Brooklyn Central Booking
                  120 Schermehorn, Brooklyn, NY 11201

Defendant No. 5   ALEXANDER (BCB Officer)
                  Brooklyn Central Booking
                  120 Schermehorn, Brooklyn, NY 11201

( Defendant No. 6, 7, 8 on page attached)

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

- 3 -

Defendant No. 6    Eric Gonzalez (Kings County District Attorney)
                                                Office of Kings County District Attorney
                                                350 Jay Street
                                                Brooklyn, New York 11201

Defendant No. 7    Josette McClean (Rikers Investigator #113)
                                                Rikers Island
                                                14-14 Hazen Street
                                                East Elmhurst, New York 11370

Defendant No. 8    Lorna McAllister (Acting Justice)
                                                Local Criminal Court (New York City)
                                                120 Schermerhorn
                                                Brooklyn, New York 11201

II. Statement of Claim

(State briefly and concisely, the facts of your case. Including the date(s) of the event(s) alleges as well as the location where the event(s) occurred. Include the names of each defendant and state how each person named was involved in the event(s) you are claiming violated your rights. You need not give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)



See Attached
Complaint #1 (3 pages)
&
Complaint #2 (2 pages)

## COMPLAINT # 1

1. Plaintiff [hereinafter ROLAND] was arrested (warrentless arrest) on July 22,2016, by New York City Police Department [hereinafter NYPD] for violating a few statutes covered under New York State Penal Law.

2. After being Interviewed and fingerprinted (ID) by NYPD, ROLAND was escorted to Brooklyn Central Bookings [hereinafter BCB], at approx. 11 pm (7/22/2016), for arraignment and other proceedings.

3. After arriving at BCB ROLAND was told by an officer, JOHN DOE 1, that ROLAND had to take a photo of his eyes (iris); ROLAND refused. JOHN DOE 1 went on to advice ROLAND that if photo of iris was not taken ROLAND would not see a Judge. ROLAND was then placed in a holding cell for further proceedings.

4. At approx. 1 am, 7/23/2016, ROLAND was approached by a officer JOHN DOE 2, JOHN DOE 2 adviced ROLAND that he had to give up his DNA. Not knowing why he had to give up his DNA, ROLAND refused. JOHN DOE 2 went on to advice ROLAND that if he did not give up his DNA he will not see a Judge. ROLAND requested to speak to a lawyer ; that request was denied by JOHN DOE 2.

5. On 7/23/2016, before 12 pm, ROLAND and other arrestees ( waiting to get arraign) names was called by a BCB officer, we were to go see our assigned court appointed attorneys and a Judge. Before ROLAND can follow the other arrestess upstairs ( to go see both lawyer and judge), ROLAND was told to stand by . ROLAND was approached by a officer, ALEXANDER, ALEXANDER asked ROLAND if he was going to give up his DNA, ROLAND requested to speak to a lawyer, ALEXANDER told ROLAND that he would only see a lawyer if he gave up his DNA. After going back and forth with ALEXANDER about his "rights" ROLAND was told to go back in the

## COMPLAINT # 1 cont.

holding cell he was in.

6. From the afternoon of 7/23/2016, through the afternoon of 7/26/2016, ROLAND went through a procedure the Department of Corrections like to call "BullPen Therapy". The events laid out in line 5 between ROLAND and ALEXANDER went on the rest of 7/23/2016 through late afternoon of 7/26/2016.

7. On 7/25/2016, ROLAND was arrested , this arrest was based on allegation that while ROLAND was in BCB awaiting arraignment for a pending felony complaint , the NYPD notified ROLAND that he owed DNA sample from a previous conviction. The charge was later dismissed ; arrest is now sealed.

8. On 7/26/2016 , late afternoon, ALEXANDER and JOHN DOE 3 approach ROLAND again for DNA; ROLAND refused. ALEXANDER then offered ROLAAND a box of new ports for his DNA ; ROLAND refused the offer.

9. Around 2 in the afternoon (7/26/2016) , ROLAND was allowed to go 'upstairs' and see a lawyer. After a brief discussion , the lawyer adviced ROLAND that he will be getting arraigned after the Court came back from lunch.

10. At around 4:30 pm (7/26/2016) , ROLAND was arraigned on both Felony complaint and misdemeanor complaint by Acting Justice LORNA McALLISTER [hereinafter McALLISTER] . McALLISTER waived ROLAND appearance over ROLAND attorneys objections. Instead of releasing ROLAND under his own recognizance , as is permitted by New York State law due to delay of defendant arraignment, McALLISTER set a 'ransom' bail for the felony complaint and remanded ROLAND to the misdemeanor.

COMPLAINT # 1 cont.

11. Roland was arraigned without giving up his DNA or having to take a photo of his iris.

12. In each holding cell in BCB thier is a sign posted on a wall, which states in sum " Arrestees should be arraign within 24 hours'. ROLAND never refused to get arraign on felony complaint .

13. ROLAND spent 4 days without speaking to his family due to BCB not having no phones so arrestees can use , 4 days witout shower or a hot meal. 4 days sleeping on a cold floor with rodents crawling around; lets not forget the human waste ( urine , defecation, etc..) all over the floor and holding cell bench ; cruel is a understatement.

## COMPLAINT # 2

1. Plaintiff [hereinafter ROLAND] was arrested on 7/22/2016, for violating a few statutes covered under New York State Penal Law. On 7/26/2016 Grand Jury voted on a Indictment (06383/16). On 9/22/16 ROLAND was arraigned on said Indictment.

2. On 11/29/17, 14 months after ROLAND was arraigned on Indictment, ROLAND was handed a disk containing calls ROLAND made at Rikers Island that the office of Kings County District Attorney was planning to use against ROLAND at his upcoming trial.

3. At trial, 6/12/18, Roland who was acting in the capacity of Pro Se, found out for the first time by cross examining defendant JOSETTE MCCLEAN [hereinafter MCCLEAN], that the Office of Kings County District Attorney [hereinafter KCDA] subpoenaed Rikers Island for the calls; this subpoena was issued to rikers after ROLAND got arraigned on Indictment.

4. Subpoena asked for calls ROLAND made at Rikers Island in the duration of 3 months (7/26/2016 - 10/26/2016). Neither MCCLEAN or KCDA knew what was in the calls asked for in subpoena, infact, MCCLEAN made it clear at ROLAND trial that her first time listening to the calls was the day of her testimony at ROLAND trial (6/12/2018).

5. ROLAND concede that he was aware that inmate phone calls made at Rikers Island is subject to monitoring, but, as MCCLEAN conceded to at ROLAND trial, Inmate phone calls are monitored for security purposes (exhibit 2).

<u>COMPLAINT # 2 cont.</u>

6. As stated previously, ROLAND was a pre-trial detainee at Rikers awaiting trial. Prior to KCDA subpoena request, KCDA sent a notice of readiness for trial to ROLAND attorney on record (at the time), both ROLAND and attorney was unaware of subpoena being issued.

7. Using a subpoena as a discovery motion or to fish for evidence is prohibited by both New York State and Federal law.

8. MCCLEAN acted outside of her assigned tittle by involving herself in matters that had nothing to do with the security of " Rikers ".

9. Both ROLAND and his attorney should have been put on notice about KCDA subpoena. Such subpoena should've went through the Courts. This practice/policy at Rikers is violating pre-trial detainees Due Process. ROLAND had the right to protest (quash) KCDA subpoena request, but, MCCLEAN didn't offered ROLAND that right.

Relief:

State what relief you are seeking if you prevail on your complaint.

$200,000.00

- Complaint #1; Punitive Damage, Compensatory Damage, Intentional infliction of emotional distress, False imprisonment, Deliberate Indifference, Civil Right Conspiracy, 14th amendment violation, 4th Amendment violation, failure to intervene, 42 U.S.C. 1983 violation

- Complaint #2  6th Amendment violation, 42 U.S.C. 1983 violation; 14th Amendment violation, failure to intervene, Punitive Damage, Compensatory Damage, Civil right Conspiracy, 18 U.S.C.A 2510-22 violation (wiretap Act), etc...

I declare under penalty of perjury that on the 9th day of April, 2019, I delivered this complaint to prison authorities to be mailed to the Untied State District Court for the Eastern District of New York.

Signed this 9th day of April, 2019. I declare under penalty of perjury that the forgoing is true and correct.

_____
Signature of Plaintiff

Upstate Corr. Fac.
Name of Prison Facility

P.O. Box 2001
Malone, New York 12953
Address

18A2811
Prison Id. #

-6-

# **EXHIBIT -1**

# PRISONER MOVEMENT SLIP

*Arresting Officer* REFUSE DNA

K16952798Y
Date/Time: 2018-07-23 01:43:00

A/O Name: FORRESTER
Arrest PCT: 60TH PRECINCT   Possible DAT?: ☐ YES ☐ NO

CELL #:   Fax #: K0038920

**Defendant:**
ROLAND, HARRY
Sex: MALE   Race: BLACK   DOB: 07-12-1988   Age: 29

Major Charges:

PL 1601504: ROBBERY-1ST:DISPLAYS FIREARM
PL 1201001: ASLT W/INT CAUS SER INJ W/WEAP

Co-Defendants: ☐ YES ☐ NO
Preferred Name:

NO IRIS

## Criminal Justice Agency

Warrant name check by (init):   Warrant: ☐ YES ☐ NO   Warr/Dckt #:
CJA Interview Required?: ☐ YES ☐ NO   CJA Interview Time:

## Booking Supervisor

DAT Issued?: ☐ YES ☐ NO   DAT Serial #:
Arresting Officer excused?: ☐ YES ☐ NO   Return Date:
Prints Needed: ☐ YES ☐ NO   Printed?: ☐ YES ☐ NO ☐ REFUSED
Searched:

## Detention Alert

Prisoner has attempted escape: ☐ YES ☐ NO
Prisoner has attempted suicide?: ☐ YES ☐ NO
Prisoner has assaulted member of the service?: ☐ YES ☐ NO
Others (EXPLAIN):

DWPNYCBKCB2   Printed 07/23/18 01:47

**DEF.ROLAND.000043**

# PRISONER MOVEMENT SLIP

## Arresting Officer

A/O Name: HAMLIN
Arrest PCT: 84TH PRECINCT    Possible DAT?: ☐ YES ☐ NO

K16859317J
Date/Time: 2016-07-23 01:43:00

CELL #: [blank]    Fax #: KO038703

Defendant:
**ROLAND, HARRY**
Sex: MALE    Race: BLACK    DOB: 07-12-1988    Age: 28

Major Charges:
PL 1950500: OBSTRUCT GOVERNMENTAL ADMIN-2ND

Co-Defendants: ☐ YES ☐ NO
Preferred Name:

## Criminal Justice Agency

Warrant name check by (Intl): [blank]    Warrant: ☐ YES ☐ NO    Warr/Dckt #: [blank]
CJA Interview Required?: ☐ YES ☐ NO    CJA Interview Time: [blank]

## Booking Supervisor

DAT Issued?: ☐ YES ☐ NO    DAT Serial #: [blank]
Arresting Officer excused?: ☐ YES ☐ NO    Return Date: [blank]
Prints Needed: ☐ YES ☐ NO    Printed?: ☐ YES ☐ NO ☐ REFUSED
Searched: [blank]

## Detention Alert

Prisoner has attempted escape:    ☐ YES ☐ NO
Prisoner has attempted suicide?:    ☐ YES ☐ NO
Prisoner has assaulted member of the service?:    ☐ YES ☐ NO
Others (EXPLAIN): [blank]

DWPNY0SKC82    Printed 07/25/16 11:05

**DEF.ROLAND.000049**

# **EXHIBIT -2**

## SMOKING BAN

Smoking and tobacco related products are prohibited in all Department of Correction facilities. If you are found with any tobacco-related products you will be subject to discipline and possible arrest.

Tobacco related products include items like cigarettes, cigars, loose tobacco, chewing tobacco, and lighting materials such as matches or lighters.

If you experience nicotine withdrawal (sickness or discomfort because you are not able to smoke cigarettes), you can sign the daily sick call sheet in your housing area for medical services and/or counseling. You may be able to receive a nicotine patch from medical staff, which can help you with your nicotine withdrawal.

## SUICIDE PREVENTION

If you feel like hurting yourself, or you're feeling very depressed, or you think you might commit suicide, ask to see Mental Health Services immediately.

The Department of Correction is also asking you to help prevent other inmates from committing suicide. If you believe that another inmate is thinking about killing him or herself, please tell your housing area officer or any Department or medical staff member immediately.

Here are some ways that you can tell that someone might be thinking about committing suicide. He/She may:
- Begin giving things away or saying goodbye
- Try to hurt themselves
- Make threats to kill themselves
- Become depressed
- Have recently experienced the loss of someone close
- Had a romantic relationship end
- Received bad news through a visit or a telephone call.

People who may be at risk for suicide often show these signs after a visit, after court, after mail call, during the holidays, after phone calls, during the change of tour, on the midnight tour, or as a new admission. While the signs may also appear at other times, it is important to pay close attention at these times, as well.

## TELEPHONE CALLS

You may make telephone calls during all periods when you are not locked in your cell. Emergency calls may be made at any reasonable time. If you must make an emergency call to a number outside the United States, you may arrange with the facility's counseling staff to

make that call collect. If those staff are not available, you may arrange the call through the facility chaplain.

If you receive an emergency telephone call, you will be allowed to take the call or a message will be taken for you and you will be permitted to return the call as soon as possible.

You are permitted to receive incoming calls from your attorney(s) of record regarding pending civil or criminal proceedings (including court-ordered telephone calls) or a message will be taken for you and you will be permitted to return the call as soon as possible.

If you are a detainee, you will be permitted to make one completed local telephone call at the Department's expense upon your admission to an institution. Long distance telephone calls must be made collect or at your expense.

If you are a detainee and have funds in your commissary account when you make telephone calls the cost of the call will be deducted from your account. If you have no funds in your commissary account you may make three (3) telephone calls per week unless you are housed in punitive segregation. The Department will pay for these calls provided they are local and are each no longer than six (6) minutes long. **The Department will withdraw the amount that you would have paid for those calls from any funds that are put in your commissary account afterwards, or if you are re-incarcerated and housed in a New York City Department of Correction facility. Long distance telephone calls must be made collect or at your expense.**

If you are a sentenced inmate, you may make up to two (2) local phone calls each week to 212 or 718 area codes unless you are housed in punitive segregation, and if you have funds in your commissary account the cost of the call will be deducted from those funds. If you have no funds in your commissary account, the Department will pay for these calls provided they are local. These calls will be cut off after six minutes. **The Department will withdraw the amount that you would have paid for those calls from any funds that are put in your commissary account afterwards, or if you are reincarcerated. Long distance telephone calls must be made collect or at your expense.**

If you are in punitive segregation, you may make only one (1) free telephone call each week, excluding calls to your attorney or your attorney's office. Your telephone rights may be limited if the Department decides that your using the telephone is a threat to the safety or security of the institution, or if you are abusing written telephone regulations. If the Department decides to limit your telephone rights you will receive a written decision that states specific facts and reasons underlying that decision.

If you receive a decision limiting your telephone rights you may appeal that decision to the N.Y.C. Board of Correction. You must write to the Board of Correction and the Warden or Commanding Officer of the facility to tell them of your intent to appeal the determination. Note that you may first file a grievance, but if you appeal to the Board of Correction, your grievance request will not be considered.

All calls, except for calls with your attorney or other privileged calls, may be monitored and/or recorded by the Department for security purposes. In order for your attorney and other privileged calls not to be monitored you must provide the Department with the phone numbers to which calls should not be monitored, and the Department will check that those numbers belong to attorneys or other persons with privileged contact with you. Your use of the telephone in a Department facility constitutes your implied consent to such monitoring.