UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

HARRY ROLAND,

                                                            Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                                            Defendants.

----------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

19 CV 2240 (PKC) (SMG)

**JURY TRIAL DEMANDED**

Defendant City of New York by its attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### IN RESPONSE TO SECTION I OF THE COMPLAINT

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section I(A) of the Complaint.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section I(B) of the Complaint.

### IN RESPONSE TO SECTION II OF THE COMPLAINT

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section II of the Complaint.

### IN RESPONSE TO SECTION III OF THE COMPLAINT

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section III(A) of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Section III(B) of the Complaint, except admits that plaintiff purports to name the City and individuals as set forth therein.

**IN RESPONSE TO "COMPLAINT #1"**

6. Denies the allegations contained in paragraph "1" of the Complaint, except admits that on or about July 22, 2016, plaintiff was arrested.

7. Denies the allegations contained in paragraph "2" of the Complaint, except admits that plaintiff was taken to Brooklyn Central Booking on or about July 22, 2016.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

11. Denies the allegations contained in paragraph "6" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

**IN RESPONSE TO "COMPLAINT #2"**

19. Denies the allegations contained in paragraph "1" of the Complaint, except admit plaintiff was arrested on or about July 22, 2016.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

25. The allegations set forth in paragraph "7" of the Complaint are legal conclusions which require no further response.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

27. Denies the allegations set forth in paragraph "9" of the Complaint.

**IN RESPONSE TO "RELIEF"**

28. Denies the allegations contained in the Section labeled "Relief" except admits that plaintiff seeks relief as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

29. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

30. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

31. Defendant has not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

32. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

33. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

34. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

35. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36. Plaintiff may have failed to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

37. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

38. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

39. Plaintiff cannot recover damages for alleged emotional injuries under the Prison Litigation Reform Act ("PLRA") because there is no showing of physical injury.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

40. Some or all of plaintiff's claims may be barred by his failure to exhaust his administrative remedies under the PLRA.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

41. Plaintiff failed to comply, in whole or in part, with all conditions precedent to suit.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 9, 2019

**GEORGIA M. PESTANA**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, Third Floor
New York, New York 10007
(212) 356-3541

By: _____
Giancarlo Martinez
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: Harry Roland, #18A2811 (by Mail)
*Plaintiff Pro Se*
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, NY 12953