UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HARRY ROLAND,

                             Plaintiff,

          -against-

CITY OF NEW YORK and OFFICER
ALLAN ALEXANDER,

                             Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

19-CV-2240 (PKC) (SJB)

Defendants City of New York and New York City Police Department ("NYPD") Officer Allan Alexander by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, respectfully submit this statement, pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Eastern and Southern Districts of New York, to set forth material facts as to which they contend there are no genuine issues to be tried.[1] The exhibits referenced herein, unless otherwise noted, are annexed to the accompanying Declaration of Joshua Kaufman dated, October 22, 2021. ("Kaufman Decl.").

1. On July 22, 2016 at approximately 1:00 p.m., officers responded to multiple calls indicating that there were "shots fired," at a location in Brooklyn, New York in which a complainant informed the responding officers that a perpetrator pointed a fire arm to his head and a shot was fired by the perpetrator during a struggle with the complainant and the perpetrator, and

---

[1] The material facts set forth herein are adopted only for purposes of Defendant's motion for Summary Judgment. See Local Civil Rule 56.1(c) (facts are admitted only "for the purposes of the motion"). Defendant reserves the right to assert different and/or conflicting facts at trial. See Vasconcellos v. City of New York, No. 12 Civ. 8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

the perpetrator, later identified as plaintiff, was apprehended at the scene. *See* excerpt of NYPD DD5, Complaint Number 2016-060-04369 bearing bates stamp numbers DEF0045-DEF0046, Kaufman Decl., Annexed as Exhibit ("Ex.") "A;" *see also* NYPD Arrest Report Number K16652798 bearing bates stamp numbers DEF0006-DEF0008, Kaufman Decl., Annexed as Ex. "B."

2. On July 22, 2016 plaintiff was transported to the 60th NYPD precinct and was asked what his name was, but plaintiff refused to identify himself. *See* Deposition of Harry Roland, dated February 13, 2020 ("Roland Dep"), Kaufman Decl., Annexed as Ex. "C," at 14:21-25 and 15:1-2.

3. In addition to not identifying himself, plaintiff also had no identifying documents on his person, and instead identified himself solely as "Hollywood." *See* Kaufman Decl., Ex. C, Roland Dep, at 15:3-5 and 16:7-8.

4. Plaintiff was fingerprinted and the fingerprints were transmitted to the Division of Criminal Justice Services ("DCJS"), which indicated that plaintiff was previously convicted of criminal possession of a controlled substance, which required plaintiff to submit to DNA sample pursuant to New York State Executive Law Section 995(7) ("NYS Executive Law"). *See* Criminal Court of the City of New York Complaint Number 2016KN043696 bearing bates stamp number DEF0031, Kaufman Decl., Annexed as Ex. "D;" *see also* NYPD Arrest Report Number K16653317 bearing bates stamp numbers DEF0001-DEF0003, Kaufman Decl., Annexed as Ex. "E;" *see also* Kaufman Decl., Ex. C, Roland Dep., at 38:21-25 and 39:1-2.

5. On July 23, 2016, at approximately 1:46 a.m., Plaintiff was transported to Brooklyn Central Booking (hereinafter "BCB"). *See* Kaufman Decl., Exhibit C, Roland Dep., at 16:23-25; *see also* Kaufman, Decl., Ex. D, Criminal Court of the City of New York Complaint Number

2016KN043696 bearing bates stamp number DEF0031; *see also* Online Prisoner Arraignment Form ("OLPA") arrest number K16652798 bearing bates stamp numbers DEF0013-DEF0014 ("OLPA"), Kaufman Decl., Annexed as Ex. "F."

6. The OLPA [Exhibit F] reflects that plaintiff refused to submit a DNA sample on seven different occasions on the following dates and times: 1) July 23, 2016 at approximately 3:41 a.m.; 2) July 23, 2016, at approximately 1:02 p.m.; 3) July 23, 2016 at approximately 4:59 p.m.; 4) July 24, 2016, at approximately 10:59 a.m. ; 5) July 24, 2016, at approximately 11:43 p.m.; 6) July 25, 2016, at approximately 11:19 a.m. ; and 7) July 25, 2016, at approximately 1:22 p.m. *See* Kaufman Decl., Ex. F, OLPA bearing bates stamp number DEF0014.

7. On July 23, 2016 plaintiff testified that his name was called "to see the judge [for arraignment]," but an NYPD officer later identified as defendant Allan Alexander told plaintiff that he would not see the judge until he submits a DNA sample. *See* Kaufman Decl., Ex. C, Roland Dep., at 31:6-12 and 34:2-3.

8. Plaintiff testified that the officers did not give him a reason why he had to submit a DNA sample, and it was only until July 26, 2016 after speaking with Marissa Sherman, plaintiff's Legal Aid attorney ("plaintiff's attorney") that plaintiff was informed why he was required to submit a DNA sample. *See* Kaufman Decl., Ex. C, Roland Dep., at 38:17-19.

9. The OLPA reflects that On July 24, 2016, at approximately 11:43, plaintiff spoke to a lawyer from legal aid. *See also* Kaufman Decl., Ex. F, OLPA bearing bates stamp number DEF0014.

10. On July 25, 2016, at approximately 11:19 a.m., plaintiff was given a "notice of obligation to provide DNA" form, which explained why plaintiff was required to submit a DNA

3

sample in compliance with the NYS Executive law, but plaintiff refused to give a DNA sample[2], and was re-arrested and was charged with obstructing governmental administration in the second degree, pursuant to CPL 195.05. *See* Kaufman Decl., Ex. E, NYPD Arrest Report Number K16653317 bearing bates stamp numbers DEF0001-DEF0003; *see also* Kaufman Decl., Roland Dep. at 49:16-19; see *also* Kaufman Decl., Ex. F, OLPA bearing bates stamp number DEF0014; *see also* Notice of Obligation to Provide DNA form dated July 25, 2016, bearing bates stamp number 274, Kaufman Decl., Annexed as Ex. "G."

11. On July 26, 2016 at approximately 12:35 a.m., plaintiff refused to be interviewed by a legal aid attorney, and instead, plaintiff stated that he "want[ed] to represent himself." *See* Kaufman Decl., Ex. F, OLPA bearing bates stamp number DEF0014.

12. On July 26, 2016 at approximately 4:46 p.m. plaintiff was arraigned before the Honorable Lorna McAllister under Docket No. 2016KN043294 on a felony complaint charging plaintiff with highest charge of Burglary in the First Degree. *See* Kaufman Decl., Ex. F, OLPA; *see also* Arraignment Proceeding before the Honorable Lorna McAllister dated July 26, 2016 Docket No. 2016KN043294 ("Arraignment Proceeding Transcript") bearing bates stamp numbers DEF0422-DEF0431, Kaufman Decl., Annexed as Ex. "H."

13. At plaintiff's arraignment, plaintiff acted in an uncooperative and belligerent manner toward the presiding Judge by using profane language and acting in a "disrespectful," fashion, ultimately leading to plaintiff being removed from the Courtroom, interrupting the arraignment process. *See* Kaufman Decl., Ex. F, Arraignment Proceeding Transcript bearing bates stamp numbers DEF0424-DEF0426.

---

[2] For purposes of clarification, this is not meant to contradict the calculus as enumerated in ¶6 herein. The incident detailed in this paragraph was the sixth time plaintiff refused to give a DNA sample as reflected herein in ¶6.

14. At plaintiff's arraignment, plaintiff's attorney argued that the NYS Executive Law did not apply to plaintiff, whereas, the Assistant District Attorney assigned to plaintiff's case ("ADA") argued that the NYS Executive Law did apply to plaintiff. *See* Kaufman Decl., Ex. H, Arraignment Proceeding bearing bates stamp numbers DEF0427-DEF0430.

15. On July 27, 2021 at approximately 8:52 a.m. an NYPD Captain named William Tobin entered a note in the OLPA indicating that upon conferral with the NYPD Legal Bureau "this defend[ant] (plaintiff) does not qualify under Exec. Law 995(7) for mandatory DNA sample re: his only felony conviction in 2010 was not a qualifying charge for the laws ammendmants[*sic*] post 2010." *See* Kaufman Decl., Ex. F, OLPA bearing bates stamp number DEF0014.

16. Plaintiff was indicted on September 2, 2016, in the Supreme Court of the State of New York, County of the Kings on a top count of Burglary in the First Degree. *See* Indictment Number 06383-2016 bearing bates stamp numbers DEF0141-DEF0142, Kaufman Decl., Annexed as Ex."I."

17. While awaiting his criminal trial, plaintiff was detained in the custody of the New York City Department of Correction ("DOC") on Rikers Island. *See* Harry Roland Inmate File Cover Page bearing bates stamp number DEF0298, Kaufman Decl., Annexed as Ex. "J."

18. While in DOC custody, plaintiff made various phone calls to members of his family members. Kaufman Decl., Ex. C, Roland Dep., at 55:24-25 and 56:1-10.

19. In the area where plaintiff made these phone calls, there was a placard which read as follows: "inmate telephone conversations are subject to electronic monitoring and recording in accordance with department policy." "An inmate's use of institutional telephone constitutes consent to this monitoring and/or recording." *See* DOC Recording Notice bearing bates stamp number DEF0416, Kaufman Decl., Annexed as Ex. "K.;" *see also* excerpt Criminal Court

Transcript dated June 14, 2018 bearing bates stamp number DEF0788-DEF793, Kaufman Decl., Annexed as Ex. "P."

20. When a detainee arrived on Rikers Island, they are presented with the DOC Inmate Handbook which provides that: [ a detainee's] use of the telephone in a Department facility constitutes your implied consent to such monitoring." *See* Kaufman Decl., Ex. C, Roland Dep at 57:23-25; *see also* excerpt of DOC Inmate Handbook bearing bates stamp number DEF0386, Kaufman Decl., Annexed as Ex. "L."

21. In advance of plaintiff's criminal trial an assistant district attorney sent a duly executed subpoena to DOC, requesting that DOC furnish plaintiff's phone calls made in DOC custody to the Kings County District Attorney's Office. *See* DOC Subpoena from the Kings County District Attorney's Office bearing bates stamp number DEF000764, Kaufman Decl., Annexed as Ex. "M."

22. Plaintiff's criminal trial began on June 6, 2018 in the Supreme Court of the State of New York County of the Kings: Criminal Term: Part 35 before the Honorable Dena Douglas. ( hereinafter "Criminal Trial") *See* excerpt of Criminal Court Transcript dated June 6, 2018 bearing bates stamp number DEF0659, Kaufman Decl., Annexed as Ex. "N."

23. On June 14, 2018, Josette McClean ("McClean"), an investigator in the Legal Division of DOC testified at the Criminal Trial that she was responsible for obtaining inmate calls. *See* excerpt of Criminal Trial Court Transcript dated June 14, 2018 bearing bates stamp numbers DEF0788-DEF0793, Kaufman Decl., Annexed as "Ex. O."

24. On June 14, 2018 of the Criminal Trial, McClean further testified that inmates are notified that their calls are being recorded. *See* Kaufman Decl., Ex. O, excerpt of Criminal Court Transcript dated June 14, 2018 bearing bates stamp number DEF0789.

25. On June 14, 2018 of the Criminal Trial, McClean further testified that DOC was asked to furnish the phone calls and call lists made by plaintiff starting in July 2016 to the "present," to the Kings County District Attorney's Office. *See* Kaufman Decl., Ex. O, excerpt Criminal Court Transcript dated June 14, 2018 bearing bates stamp number DEF 792.

26. On June 14, 2018 of the Criminal Trial, McClean further testified that DOC complied with the Kings County District Attorney's Office subpoena request for the phone calls that plaintiff made while in DOC custody. *See* Kaufman Decl., Ex. O, excerpt of Criminal Court Transcript dated June 14, 2018 bearing bates stamp number DEF0793.

27. On June 14, 2018 of the Criminal Trial, McClean further testified that she was the person that "retrieved the recorded phone calls that were provided to the Kings County District Attorney's Office." *See* excerpt of Criminal Court Transcript dated June 14, 2018 part 2 bearing bates stamp numbers DEF0557-DEF 0564, Kaufman Decl., Annexed as Exhibit "P."

28. Plaintiff, who represented himself at the Criminal Trial, cross examined McClean on June 14, 2018, and asked McClean whether phone calls that plaintiff made with his attorney were furnished to the Kings Country District Attorney's Office, to which McClean testified " Well, as far as I know those are considered privileged phone calls and those phone calls are not recorded." *See* Kaufman Decl., Ex. P, excerpt of Criminal Court Transcript part 2 dated June 14, 2018 bearing bates stamp number DEF 563.

29. Plaintiff further asked McClean about the procedure of when DOC receives a subpoena from a district attorney office, to which McClean testified " [y]ou have to send a subpoena to our office and then you request whatever phone calls, you know, the defense attorney can request it, the A.D.A.s can request it, law enforcement can request it, then we'll send you the

phone calls that you request." *See* Kaufman Decl., Ex. P, excerpt of Criminal Court Transcript Part 2 dated June 14, 2018 bearing bates stamp number DEF0564.

30. Plaintiff testified at his deposition that he was aware that telephone calls were monitored for "security purposes." *See* Kaufman Decl., Ex. C, Roland Dep. at 58:2-3.

31. In his Complaint, plaintiff "concede[d] that he was aware that inmate phone calls made at Rikers Island is subject to monitoring." *See* Plaintiff's Complaint filed on April 12, 2019 at page 9, Kaufman Decl., Annexed as Ex. "Q."

32. Plaintiff testified at his deposition that he received the subpoena for his phone calls at his criminal trial. *See* Kaufman Decl., Ex. C, Roland Dep. at 57:1-3.

33. On June 19, 2018 of the Criminal Trial, plaintiff was found guilty on the charges of Burglary in the First Degree, and Criminal Possession of a Weapon in the Second Degree. *See* Criminal Court Transcript dated June 19, 2018 bearing bates stamp numbers DEF0645-DEF0655, Kaufman Decl., Annexed as Ex. "R;" *see also* Kaufman Decl., Ex. C, Roland Dep:

Dated: New York, New York
November 22, 2021

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York and Officer Alexander*
100 Church Street, Room 3-308A
New York, New York 10007
Phone: (212) 356-3521

By: ___*Joshua Kaufman*__ /s/___
Joshua Kaufman
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **U.S. MAIL**
Harry S. Roland #18-A-2811
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
*Plaintiff Pro Se*